Joseph S. Kistler (3458)
Cynthia G. Milanowki (5652)
Michael S. Kelley (10101)
HUTCHISON & STEFFEN, LLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
Tel:   (702) 385-2500
Fax:   (702) 385-2086

*Attorneys for Plaintiff, National Credit Union Administration Board, in its Capacity as Liquidating Agent of Ensign Federal Credit Union*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, in its Capacity as Liquidating Agent of ENSIGN FEDERAL CREDIT UNION,<br><br>Plaintiff,<br><br>v.<br><br>PERRY CHAMANI, aka PIROOZ PERRY CHAMANI; FAY CHAMANI; ENVIRONMENTAL LANDSCAPE, INC., DOES I-X, and ROE CORPORATIONS I-X,<br><br>Defendants. | Case No: 2:11-cv-00444-PMP-LRL<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND DECISION** |

This matter came before the Court on Plaintiff National Credit Union Administration Board's, in its Capacity as Liquidating Agent of Ensign Federal Credit Union ("Plaintiff" or the "Liquidating Agent") Motion for Default Judgment Against Perry Chamani, aka Pirooz Perry Chamani, Fay Chamani, and Environmental Landscape Inc. (Dkt. #12, hereinafter the "Motion"). The default was entered on June 27, 2011 (Dkt. #11). The Court having considered the papers submitted in support of the Motion and other relevant pleadings in this matter and now makes the following ruling:

////

////

## FINDINGS OF FACT

1. This is a deficiency judgment action against Defendants Perry Chamani, aka Pirooz Perry Chamani, Fay Chamani, and Environmental Landscape Inc. ('Defendants") pursuant to 12 U.S.C. § 1789.

2. The National Credit Union Administration ("NCUA") is an independent agency of the executive branch of the United States government and is charged with regulating federally chartered and insured credit unions. The NCUA is governed by the National Credit Union Administration Board ("NCUA Board"), which is created under the laws of the United States, 12 U.S.C. § 1751 *et seq.*, and has the powers, rights, and authority set forth in 12 U.S.C. § 1751 *et seq.* The NCUA Board placed Ensign Federal Credit Union ("Ensign") into involuntary liquidation on or about November 13, 2009 pursuant to section 207(a)(1)(A) of the Federal Credit Union Act, 12 U.S.C. § 1787(a)(1)(A). The NCUA Board has been appointed liquidating agent of Ensign.

3. On or about May 30, 2007, Habitat Center II, LLC ("Habitat Center") and Ensign entered into a "Construction Loan Agreement" whereby Habitat Center agreed to borrow $1,900,000 from Ensign.

4. On that same day, Habitat Center executed a "Promissory Note" whereby Habitat Center agreed to repay the amount borrowed from Ensign per the terms of the Promissory Note.

5. In connection with the Construction Loan Agreement and Promissory Note, Defendants executed Commercial Guaranties whereby they personally guaranteed the obligations of Habitat Center as set forth in the Construction Loan Agreement and the Promissory Note.

6. For the purposes of securing payment under the Construction Loan Agreement and Promissory Note, Habitat Center executed a Revolving Credit Construction Deed of Trust Security Agreement and Assignment of Rents ("Deed of Trust"). The Construction Loan Agreement and Promissory Note were secured by certain real property located in Clark County,

///

1 Nevada, Assessor Parcel No. 138-12-802-001, and more particularly described in the Deed of
2 Trust (the "Property").

3     7.    Habitat Center and Defendants failed to make the required payments under the
4 Promissory Note and Construction Loan Agreement.

5     8.    Plaintiff foreclosed on the Property on November 1, 2010.

6     9.    Plaintiff purchased the Property on November 1, 2010 for a credit bid in the
7 amount of $733,600.

8     10.    As of November 1, 2010, the amount of the defaulted unpaid debt, including
9 interest, equaled $2,087,098.61.

10     11.    The proceeds generated from the foreclosure sale of the Property did not pay the
11 full amount of the defaulted debt owed by Habitat Center and guaranteed by Defendants.

12     12.    An appraisal of the Property was conducted as of November 1, 2010. The
13 appraised value of the Property as of November 1, 2010 was $990,000.

14     13.    A deficiency on the loan by Habitat Center and guaranteed by Defendants exists
15 in the amount of $1,097,098.61 (outstanding principal and interest as of November 1, 2010 less
16 $990,000 appraised value of Property.)

17     14.    Per the terms of the Promissory Note, the interest rate on the unpaid balance
18 after default is prime plus 2.00% or 5.25%. Accrued interest from November 1, 2010, through
19 July 5, 2011, is $40,556.74. Interest continues to accrue on this unpaid principal amount at the
20 rate of 5.25% per annum.

21     15.    To date, Plaintiff has incurred real property appraisal fees in the amount of
22 $2,900; pre-foreclosure date Clark County property taxes in the amount of $39,862 paid by
23 Plaintiff on March 14, 2011; and foreclosure fees in the amount of $18,805.32.

24     16.    Plaintiff has reasonably and necessarily incurred attorneys fees in the amount of
25 $10,967.50 and that an additional $1,250 is a fair and reasonable estimate for additional fees
26 until this matter is concluded.

27     17.    Plaintiff's, upon entry of Judgment in this matter, shall be entitled to submit its
28 Bill of Costs setting forth the fair and reasonable costs incurred in this matter.

## CONCLUSIONS OF LAW

18. This Court has subject matter jurisdiction pursuant to 12 U.S.C. § 1789.

19. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

20. Entry of default judgment is governed by Fed. R. Civ. P. 55. Plaintiff has satisfied the procedural requirements for default judgment pursuant to Fed. R. Civ. P. 55(a) and 54(c).[1]

21. The Defendants' default was properly entered.

22. Because Plaintiff does not request relief that differs from or exceeds that prayed for in the Complaint, the application for default judgment complies with Fed. R. Civ. P. 54(c). *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003).

23. The Ninth Circuit holds that a district court may consider the following factors, the "Eitel factors," in exercising its discretion to award a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

**(1) Plaintiff would suffer prejudice if the Default Judgment is not granted.**

24. The first *Eitel* factor considers whether Plaintiff will suffer prejudice if the Court does not enter default judgment against the Defendant. *See PepsiCo., Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2202). The Court finds that if it does not enter default judgment, Plaintiff would be without other recourse for recovery of damages and thus will suffer prejudice.

25. Default Judgment is required to avoid the continued unnecessary expenditure of judicial and party resources.

**(2 & 3) Plaintiff properly pled the elements for breach of contract and deficiency judgment pursuant to NRS 40.451 et seq.**

///

---

[1]*See generally Koninklijke Philips Electronics N.V. v. KXD Technology, Inc.*, F.Supp.2d, 2008 WL 2699701 (D.Nev. July 2, 2008) (Chief Judge Roger L. Hunt).

26. The next two *Eitel* factors require a plaintiff to state a claim on which the plaintiff may recover. *Philip Morris USA,* 219 F.R.D. at 499 (citation omitted).

27. A defendant's liability is deemed established upon default, and all findings of facts necessary to support liability are accepted as true. *Adriana Int'l Corp. v. Thoeren,* 913 F.2d 1406, 1414 (9th Cir. 1990); *see also Geddes v. United Fin. Group,* 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.")

28. In this case, Plaintiff has adequately pled its claim for breach of contract and deficiency judgment pursuant to NRS 40.451 et seq. against the Defendants.

**(4) Plaintiff is entitled to damages.**

29. Pursuant to the fourth *Eitel* factor, the Court must consider the amount at stake in the action.

30. This is a deficiency judgment action with over $1,000,000 at issue.

**(5) There is no notable possibility of dispute of material facts.**

31. The fifth *Eitel* factor weighs the possibility of a dispute regarding any material facts in the case. *Philip Morris USA*, 219 F.R.D. at 500.

32. The Court has no reservations about the merits of Plaintiff's substantive claims for breach of contract and deficiency judgment based upon the pleadings and exhibits submitted to the Court.

**(6) Excusable neglect.**

33. The sixth *Eitel* factor considers the possibility that default resulted from excusable neglect.

34. The Court finds that the Plaintiff's Complaint was properly served (*See* Dkt. #s 7, 8, and 9, returned and executed Summons).

35. The Summonses and Complaint were served in April, 2011. (*Id.*)

36. On May 6, 2011, counsel for Defendants' represented in writing that Defendants did not intend to respond to the Complaint (*See* Dkt. #10 at Exhibit 4).

///

37. One June 17, 2011, counsel for Defendants was served with a Notice Of Intent To Take Default (*See* Dkt. #10 at Exhibit 5).

38. The Defendants have made no appearance, and no apparent effort to defend in this action, and therefore entry of default and default judgment are both proper under the Federal Rules of Civil Procedure.

39. There is no evidence that Defendants' failure to defend results from excusable neglect.

**(7) Policy favoring decision on the merits.**

40. This is a breach of contract and deficiency judgment action involving the interpretation of a contract as a matter of law.

41. The Court can view the allegations in the Complaint and the documents filed in this matter and determine whether the damages sought by the Plaintiff are proper as a matter of law.

**Plaintiff is therefore entitled to the requested relief.**

41. Habitat Center and Defendants failed to make the required payments under the Promissory Note and Construction Loan Agreement.

42. Plaintiff foreclosed on the Property on November 1, 2010.

43. Plaintiff purchased the Property on November 1, 2010 for a credit bid in the amount of $733,600.

44. As of November 1, 2010, the amount of the defaulted unpaid debt, including interest, equaled $2,087,098.61.

45. The proceeds generated from the foreclosure sale of the Property did not pay the full amount of the defaulted debt owed by Habitat Center and guaranteed by Defendants.

46. An appraisal of the Property was conducted as of November 1, 2010. The appraised value of the Property as of November 1, 2010 was $990,000.

47. A deficiency on the loan by Habitat Center and guaranteed by Defendants exists in the amount of $1,097,098.61 (outstanding principal and interest as of November 1, 2010 less $990,000 appraised value of Property.)

## **DECISION**

Based upon the foregoing, it is the Decision of the Court that Plaintiff National Credit Union Administration Board's, in its Capacity as Liquidating Agent of Ensign Federal Credit Union have Judgment against Defendants Perry Chamani, aka Pirooz Perry Chamani, Fay Chamani, and Environmental Landscape Inc. jointly and severally as follows:

In the principal amount of $1,097,098.61 together with interest in the amount of $40,556.74 from November 1, 2010 through July 5, 2011;

Additional interest accruing at the contractual rate of 5.25% per annum on the outstanding balance until paid in full;

Fair and reasonable litigation costs in an amount to be set forth by Plaintiff in its Bill of Costs to be filed upon entry of Judgment in this matter;

Real property appraisal fees in the amount of $2,900;

Pre-foreclosure date Clark County property taxes in the amount of $39,862 paid by Plaintiff on March 14, 2011;

Foreclosure fees in the amount of $18,805.32; and

Reasonable attorneys' fees incurred in the amount of $10,967.50; and anticipated future attorney's fees in the amount of $1,250.

Dated _ July 28, 2011.

*[signature]*

**PHILIP M. PRO**
**United States District Judge**

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of HUTCHISON & STEFFEN, LLC., and that on the 27th day of July, 2011, I caused the above and foregoing document entitled **[Proposed] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND DECISION** to be served as follows:

☐ Pursuant to Fed. R. Civ. P. 5(b) and Section IV of District of Nevada Electronic Filing Procedures, to be served **via electronic service**;

☒ by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada;

☐ Pursuant to FRCP 5(b)(2)(D), to be sent **via facsimile;**

☐ to be hand-delivered

to the attorney(s) listed below at the address and/or facsimile number indicated below:

Ian Christopherson
Christopherson Law Offices
3430 E. Flamingo Road, Ste. 212
Las Vegas, NV 89121
*Attorneys for Defendant*
*Perry Chamani, aka Pirooz Perry Chamani;*
*Fay Chamani; and Environmental Landscape, Inc*

_____
An employee of Hutchison & Steffen, LLC

- 8 -